## THE COUNTY OF WAYNE v. JAMES A. RANDALL.

*Fraudulent Debtors' Act—Circuit court commissioner—Fees.*

Proceedings under the Fraudulent Debtors' Act are not of a criminal nature.

Fees for services performed under the Fraudulent Debtors' Act are not a charge upon the county.

Fees of a circuit court commissioner under the Fraudulent Debtors' Act are chargeable on the defendant if the proceedings are sustained; and if they cannot be collected from him the magistrate may look to the plaintiff, from whom he may require security for them, and who, if he prevails, may recover them from the defendant.

Where a claim is allowed by a board of auditors after they have been informed that their liability is doubtful and have taken advice, they cannot recover back the sum paid on such allowance, as their mistake is one of law and not of fact.

Case made after judgment from Wayne. Submitted January 16. Decided April 7.

Assumpsit. Defendant had judgment below.

43 MICH.—18.

*Charles E. Miller* for plaintiff. See as to payment of fees in fraudulent debtors' cases, *Bromley. v. People* 7 Mich. 472; proceedings therein are civil, *Randall v. Auditors,* on hearing for order to show cause, October, 1878.

*Edwin F. Conely* for defendant. The Fraudulent Debtors' Act contemplates public and penal proceedings and that the county shall pay the fees, Comp. L. §§ 7174–87.

MARSTON, C. J. One of the important questions raised in this case relates to the liability of counties to officers for their fees for services performed under the Fraudulent Debtors' Act.

While many expressions may be found in that act which would give color to the theory that the proceedings are not strictly of a civil nature, yet there are certain provisions therein to which a controlling effect must be given, because so utterly at variance with well settled and unalterable legal principles of the criminal law.

The whole object of the chapter and the proceedings thereunder is to enable the plaintiff to collect a money demand of a certain kind from his debtor out of property beyond the reach of an ordinary execution. The plaintiff has such control over the proceedings that he may cause them to be stopped at any time, and the defendant may also, in the manner prescribed by the statute, bring the proceedings to an end. If upon examination the defendant is discharged, any other creditor, and perhaps the same one, may commence new proceedings, specifying the same offense, and the first will be no bar; thus, if criminal, placing the accused twice in jeopardy.

The party arrested, on being brought before the magistrate, may controvert the facts, and may at his option verify his allegations by his own affidavit, and in such case the complainant may examine him on oath touching any fact or circumstance material to the inquiry, and the answers of the defendant on such examination shall

be reduced to writing and subscribed by him,—a course wholly unknown to our criminal law.

The proceedings are not criminal. It is not claimed that there is any express provision of the statute making the fees in these cases a charge against the county. The thirteenth section of the act certainly does not so provide; it but fixes the rate of compensation. Nor does the fourteenth section even by implication make the charge a proper one against the county by providing that if the complaint is dismissed the complainant shall be liable for all fees, costs and expenses. If the complaint is dismissed the defendant should not be obliged to pay them, and it does not follow even in criminal cases, that the county under similar circumstances is obliged to pay the costs in all cases. They are very properly charged to the complainant. It is said, however, that where the complaint is not dismissed, the commissioner will lose his fees unless he can charge them to the county. If the proceedings are sustained the fees are taxed against the defendant, and if he has property may thus be collected. If he has not, that fact would not justify a charge against the county. There are very many cases where costs are taxed up against the losing party, and are never collected for the same reason, yet no one thinks of looking to the county or public to pay them. The magistrate in these, as in all civil cases, may look to the plaintiff for his fees, and may require him to give security therefor, and if he does not in this way protect himself he has no one else to blame. If the plaintiff succeeds he recovers the amount so paid, or for which he is liable, from the defendant; if he does not, he is but paying certain officers of the law their statutory fees for services rendered at his request in an effort to collect a debt.

It appears from the finding of the court in this case that the claim in question was presented to the board of auditors, and they fully informed of all the facts relating thereto and also that doubts existed as to the liability

of the county therefor.   It farther appears that the board took advice regarding the liability of the county, allowed the claim, and that it was paid.   Under such a state of facts we are of opinion that the sum so paid cannot be recovered back.   The mistake was one of law and not of fact.   The same reasons which would prevent an individual from recovering back money paid under such a state of facts should apply here also.   Our views upon this point are more fully set forth in *Detroit v. Advertiser etc. Company* ante p. 116, decided at the present term, and need not here be repeated.

The judgment of the circuit court must be affirmed with costs.

COOLEY and GRAVES, JJ., concurred.
CAMPBELL, J.   I concur in the result.