IN THE MATTER OF JOSEPH LEE.

*Fraudulent debtors—Affidavit.*

An affidavit for commitment as a fraudulent debtor is insufficient if it does not set forth, except by way of recital, that the respondent is indebted to the parties instituting the proceeding.

HABEAS CORPUS. The petitioner Lee asks to be discharged from the custody of the Sheriff of Wayne County in which he is detained under a warrant of commitment issued by Circuit Court Commissioner Charles Flowers in proceedings against Lee as a fraudulent debtor. The affidavit upon which the Commissioner acted stated that deponent is the agent and attorney of certain parties who "as plaintiffs, have commenced a suit against Joseph Lee, as defendant, in the circuit court for the county of Wayne. That the cause of action is a debt due from the defendant to the plaintiffs for goods sold and delivered, and this affidavit is made for the purpose of obtaining a warrant against the defendant as a fraudulent debtor under title 35, chapter 230, Compiled Laws of 1871." The affidavit farther sets forth that defendant had been engaged in business in Toledo and had left that city within a day or two after making a sale or pretended sale of his stock; that deponent was a lawyer practicing in Toledo, and had come to Detroit on information which led him to suppose that defendant was there; that he had found at the Detroit depot a box and trunks belonging to defendant, which he believed contained goods other than household effects; that he had asked defendant what he had done with his stock and defendant told him he had sold it to a creditor for much less than it was worth, because he had been told that if he did not pay his debts as they fell due his store would be closed up; defendant also said that he had sent the money to England; deponent farther states that the purchaser of the stock had sold it again within a few days at a large

advance; that defendant told deponent his family were going to England and that he had no property or money left; and that he, deponent, believed the sale was either a fraud in itself and that defendant either retained an interest in the property or in the proceeds as received by the purchaser, or else that he had sold the stock and received payment therefor in order to leave Toledo at once and defraud his creditors. The affidavit states that "deponent says that the amount of the plaintiff's claim against the defendant is about the sum of $4230.78 as near as deponent can fix the same;" also that when deponent asked defendant why he sold so low defendant replied that plaintiffs had written him asking for payment of their claims,—that he was not able to pay at that time,—that trade was dull and he did not know how soon he could pay it. The motion for petitioner's discharge was submitted and decided January 16.

*Trowbridge & Prescott* and *A. B. Maynard* for motion.

*Griffin, Dickinson, Thurber & Hosmer* against.

PER CURIAM. The affidavit charging the petitioner with being a fraudulent debtor did not, we think, contain any legal evidence of the existence in point of fact of any debt whatever.

The statement on that subject was nothing more than a recital of the claim made by the action and was not an affirmative allegation or averment that there was any such debt as was claimed.

There was consequently no basis for the order on which the petitioner is held, and he must be discharged.