DUMMER v. NUNGESSER.

1. FRAUDULENT DEBTOR ACT—SUFFICIENCY OF AFFIDAVIT—REFERENCE TO "REVISED STATUTES."

A reference to "chapter 141 of the Revised Statutes of this State," contained in an affidavit for a warrant of arrest under the fraudulent debtor act (2 How. Stat. chap. 304), sufficiently designates the Revision of 1846, as all other revisions are entitled "Compiled Laws" or "Howell's Annotated Statutes."

2. SAME—ALLEGATIONS OF INDEBTEDNESS.

An allegation in such affidavit that defendant is justly indebted to plaintiff in a specified sum upon two promissory notes sufficiently shows the character and amount of the indebtedness, within the requirement of section 4 of the act.

3. SAME—KNOWLEDGE OF AFFIANT.

It is no objection to the affidavit that it was made by plaintiff's attorney, and that it contains no showing that he had personal knowledge of the matters therein set forth, where the facts essential to the jurisdiction are stated positively, and are not of such nature that they could not have been within the knowledge of the affiant.

4. SAME—CONSTITUTIONAL LAW—IMPRISONMENT FOR DEBT—CRUEL AND UNUSUAL PUNISHMENT—RIGHTS OF ACCUSED PERSON—JURISDICTION OF CIRCUIT COURT COMMISSIONER.

Said act is not in conflict (1) with section 33, art. 6, Const., prohibiting imprisonment for debt founded upon contract,

107 MICH.—31

since such section expressly excepts cases of fraud; (2) with section 31, art. 6, prohibiting the imposition of cruel or unusual punishment, since, under section 11 of the act, the debtor may secure his release from imprisonment by paying the debt, by giving security for its payment, by assigning his property and obtaining a discharge under chapter 306, 2 How. Stat., or by giving security that he will obtain such discharge; (3) with section 28, art. 6, guaranteeing certain rights to the accused in every criminal prosecution, since the action provided for is a civil and not a criminal proceeding; or (4) with section 1, art. 6, vesting the judicial power in certain courts and in justices of the peace, in that it assumes to confer such power upon a circuit court commissioner.

*Certiorari* by Charles H. Dummer and Henry C. Dummer to inquire into the cause of their detention by William Nungesser, sheriff of Manistee county. Submitted October 1, 1895. Writ dismissed December 24, 1895.

*Smurthwaite & Fowler,* for petitioners:

The affidavit was fatally defective, the allegations of indebtedness being insufficient ( *Wilson* v. *Arnold,* 5 Mich. 98; *Proctor* v. *Prout,* 17 Mich. 477; *Badger* v. *Reade,* 39 Mich. 771; *In re Lee,* 49 Mich. 629; *Sheridan* v. *Briggs,* 53 Mich. 572; *Marble* v. *Curran,* 63 Mich. 288), and the facts relied upon to establish the fraud not being within the personal knowledge of the affiant ( *Proctor* v. *Prout,* 17 Mich. 475; *Brown* v. *Kelley,* 20 Mich. 33; *Badger* v. *Reade,* 39 Mich. 774; *Sheridan* v. *Briggs,* 53 Mich. 571; *Stensrud* v. *Delamater,* 56 Mich. 147; *Marble* v. *Curran,* 63 Mich. 288).

The term "imprisonment for debt" had at the common law a clear, fixed, and definite meaning, namely, imprisonment by virtue of an execution issued upon a judgment for debt; and the framers of the Constitution must be presumed to have had this meaning in view when they excepted cases of fraud from the prohibitive provision. Cooley, Const. Lim. 73; *Hill* v. *People,* 16 Mich. 351; *People* v. *Marion,* 29 Mich. 31; *Underwood* v. *People,* 32 Mich. 1; *Swart* v. *Kimball,* 43 Mich. 443; *Risser* v. *Hoyt,* 53 Mich. 185; *People* v. *Luby,* 56 Mich. 551; *People* v. *Mangold,* 71 Mich. 335.

The act provides for a cruel and unusual punishment,

since defendants, in order to obtain their release, are required (1) to pay the debt, which they cannot; (2) to give security to pay it, which they cannot; or (3) to enter into a bond that they will apply for an assignment, as provided by chapter 306, 2 How. Stat., which they cannot, because (*a*) they are unable to procure sureties, (*b*) they have nothing to assign, and, (*c*) if they had, they are precluded from such relief because they did prefer creditors, contrary to chapters 305 and 306. See Cooley, Const Lim. 402; *State* v. *Danforth*, 3 Conn. 112; *Sturges* v. *Crowninshield*, 4 Wheat. 122.

The act is void, in that it deprives the courts before which cases are tried of all discretion as to the sentence that should be imposed, and undertakes to confer upon the plaintiff in any action brought under it the right to determine how long the defendant shall be imprisoned, extending even to imprisonment for life. *Chandler* v. *Nash*, 5 Mich. 409; *In re Buddington*, 29 Mich. 472; *Underwood* v. *People*, 32 Mich. 1; *In re Burger*, 39 Mich. 203; *Risser* v. *Hoyt*, 53 Mich. 185; *People* v. *Cummings*, 88 Mich. 249.

The act inflicts punishment, and is in its very nature and penalty a criminal act, within the meaning of section 28, art. 6, Const., and yet it makes no provision for the personal safety and security of the accused, as required by said section. *Bromley* v. *People*, 7 Mich. 477; *Underwood* v. *People*, 32 Mich. 1; *Swart* v. *Kimball*, 43 Mich. 443.

The act is also void because it assumes to confer judicial power upon circuit court commissioners. *Daniels* v. *People*, 6 Mich. 381; *Streeter* v. *Paton*, 7 Mich. 341; *Edgarton* v. *Hinchman*, Id. 352; *Waldby* v. *Callendar*, 8 Mich. 430; *Case* v. *Dean*, 16 Mich. 12; *Rowe* v. *Rowe*, 28 Mich. 353; *In re Buddington*, 29 Mich. 472; *In re Burger*, 39 Mich. 203; *Railway Co.* v. *Dunlap*, 47 Mich. 456; *Bailey* v. *Cadwell*, 51 Mich. 217; *Risser* v. *Hoyt*, 53 Mich. 185.

*George L. Hilliker*, for respondent:

The act in question is clearly within the exception to the constitutional provision prohibiting imprisonment for debt.

The punishment is not cruel and unusual, as the defendant may terminate his imprisonment at any time in any of the ways pointed out by the statute.

The proceeding is not a criminal one. *Johnson* v. *Maxon*, 23 Mich. 129; *Wayne Co.* v. *Randall*, 43 Mich. 137.

It is competent for the legislature to confer upon circuit court commissioners power to hear and determine cases of

this nature. *Streeter* v. *Paton*, 7 Mich. 341; *Shurbun* v. *Hooper*, 40 Mich. 503.

A statute should not be declared unconstitutional unless the conflict between the Constitution and the statute is palpable and free from every reasonable doubt. *Green* v. *Graves*, 1 Doug. 351; *Scott* v. *Smart*, 1 Mich. 295; *Southworth* v. *Railroad Co.*, 2 Mich. 287; *People* v. *Gallagher*, 4 Mich. 244; *Tyler* v. *People*, 8 Mich. 320; *People* v. *Blodgett*, 13 Mich. 127; *People* v. *Mahaney*, Id. 481; *Inkster* v. *Carver*, 16 Mich. 484.

A statute is not unconstitutional unless in plain violation of some provision of the Constitution, and its constitutionality will be supported by all possible presumptions not clearly inconsistent with the language and subject-matter. *Sears* v. *Cottrell*, 5 Mich. 251; *Walcott* v. *People*, 17 Mich. 68; *Attorney General* v. *Preston*, 56 Mich. 177.

LONG, J. The petitioners were arrested on a warrant issued by a circuit court commissioner of Manistee county. The affidavit for the arrest was made under the fraudulent-debtors act. On a trial before the commissioner, the petitioners were found guilty. They appealed to the circuit court. The case was there tried before a jury, and the petitioners were found guilty, and are now held by the respondent as sheriff, under a commitment issued by that court. This proceeding is by *certiorari* to the respondent to inquire into the cause of such detention. The petition was filed in this court, and a return has been made to the writ. The contentions of counsel for the petitioners are:

(1) That the affidavit upon which the warrant was issued by the commissioner is defective, and conferred upon the court no jurisdiction in the cause.

(2) That the act under which the prosecution is had is unconstitutional and void.

1. It is contended that the affidavit is defective:

(a) Because it wholly ignores the time of the enactment of the statute under which the proceedings are had, and does not state any compilation or other volume within which it can be found. The affidavit in the case

now before us seems to have been lost; but another case was commenced at the same time, and the petitioners were arrested in that proceeding. That affidavit is in the present record, upon which the later arrest was made, and the statements are to be gathered from that. The affidavit, in referring to the statute, recites that the defendants " cannot be arrested or imprisoned according to chapter 141 of the Revised Statutes of this State." We think the petitioners could not be misled by this statement. The statement that it was made under the Revised Statutes of this State means the Revision of 1846, as all the other revisions of the statutes are entitled " Compiled Laws " and " Howell's Annotated Statutes." Chapter 141 of the Revised Statutes of this State, being the Revised Statutes of 1846, now stands as chapter 304 of 2 Howell's Statutes.

(b) Because the allegations of indebtedness contained in the affidavit are insufficient. The affidavit states that "Charles H. Dummer and Henry C. Dummer, copartners, doing business under the firm name and style of C. H. Dummer & Son, are justly indebted unto the First National Bank of Manistee in the sum of $826, upon two promissory notes,    *    *    *    which sum is now due from said Charles H. Dummer and Henry C. Dummer to the said First National Bank." This was a sufficient statement of the amount due and the character of the indebtedness. It is not set forth by way of recital, as in *Re Lee*, 49 Mich. 629. That affidavit stated that " deponent says that the amount of the plaintiff's claim against the defendant is about the sum of $4,230.78, as near as deponent can fix the same." Here the amount is stated definitely, with the further statement that that indebtedness is $826 upon two promissory notes, and that the amount is now due. ·

(c) Because the affidavit was made by the attorney of the bank, and there is no showing in it that he had personal knowledge of the transaction between the parties

or the amount due.   While many statements are made which could not have been within the knowledge of the affiant, yet we think there was a sufficient statement of facts within his knowledge to give the court jurisdiction to issue the warrant.   These facts are not stated on information and belief, but are positive statements of facts within his knowledge.   He states that no consideration was given for any of the chattel mortgages or the real estate mortgage, but that they are held in trust for the Dummers, and with the intent to defraud creditors. The affidavit states all 'that is required by the several provisions of the statute.

The objections to the affidavit cannot be sustained.

2.  It is next contended that the act is unconstitutional, as it contravenes section 33, art. 6, of the Constitution of the State, which provides:

" No person shall be imprisoned for debt arising out of or founded on a contract, express or implied, except in cases of fraud or breach of trust, or of moneys collected by public officers or in any professional employment."

The title of the act in question is " The Punishment of Fraudulent Debtors," and it stands as chapter 304 of 2 Howell's Statutes.   The title is as it stood in chapter 141 of the Revised Statutes of 1846.   The act has been amended several times; but no substantial changes have been made since the Revision of 1846, at least in so far as affecting the question before us.

Section 1 of the act provides:

" No person shall be arrested or imprisoned on any civil process issuing out of any court of law, or on any execution issuing out of a court of equity, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract, expressed or implied, or for the recovery of any damages for the non-perform-.ance of any contract."

By section 2, proceedings for contempt to enforce civil remedies, and actions for the collection of fines, penalties, and forfeitures, and on promises to marry, and actions to recover moneys collected by public officers, and for misconduct of officers, are excepted from the provisions of section 1.

It is then provided by section 3:

" In all cases where, by the preceding provisions of this chapter, a defendant cannot be arrested or imprisoned, it shall be lawful for the plaintiff who shall have commenced a suit against such .defendant, or shall have obtained a judgment or decree against him, in any court of record or justice's court, to apply to any judge of the court in which such suit is brought, or to any circuit judge or circuit court commissioner, or to any justice of the peace before whom such suit is pending or judgment obtained, or before whom such proceedings shall have been transferred, for a warrant to arrest the defendant in such suit."

Section 4 provides:

" No such warrant shall issue unless satisfactory evidence shall be adduced to such officer, by the affidavit of the plaintiff or of some other person or persons, that there is a debt or demand due to the plaintiff from the defendant, and specifying the nature and amount thereof, as near as may be, for which the defendant, according to the provisions of this chapter, cannot be arrested or imprisoned, and establishing one or more of the following particulars."

The particulars of subdivision 3 are—

" That he has assigned, removed, or disposed of, or is about to dispose of, any of his property, with the intent to defraud his creditor or creditors."

The act makes provision for the cases excepted by the Constitution. It is only in cases where fraud is charged that a warrant can be had; and the Constitution, by section 33, art. 6, expressly excepts cases of fraud, breach of trust, and moneys collected by public officers or in

any professional employment. This act has been on the statute books since its passage, in 1839. It has been several times before this court, and its provisions discussed, and this is the first instance, so far as can be ascertained, where claim has been made that it contravenes the provisions of the State Constitution as to imprisonment for debt. We think it too clear that it falls within the excepted cases in the Constitution to need extended argument. The contention now made cannot be sustained.

It is insisted, however, that the act is void, because it imposes cruel and unusual punishment, contrary to section 31, art. 6, of the Constitution. The act provides several modes in which the defendant may be released from imprisonment: (a) He may pay the debt or demand claimed. (b) He may give security for the payment of it. (c) He may enter into a bond in a penalty of not less than twice the amount of the debt, conditioned that he will, within 30 days thereafter, apply for an assignment of all his property, and for a discharge, as provided in the 143d chapter of the Revised Statutes, and diligently prosecute the same until he obtains such discharge. Chapter 143 of the Revised Statutes of 1846 is chapter 306 of 2 Howell's Statutes. By the first section it is provided that every insolvent debtor may present a petition to a circuit judge or circuit court commissioner praying that his estate may be assigned for the benefit of all his creditors, and that his person may thereafter be exempted from arrest or imprisonment by reason of any debts arising upon contracts previously made, or any judgments existing against him in civil cases, and, if in prison, that he may be discharged from imprisonment. On presenting such petition, the insolvent shall deliver therewith a schedule containing an account of his creditors and an inventory of his estate, and annex thereto an affidavit in the form prescribed by the statute. The creditors have the right to appear and contest the facts

set up in the petition and schedules, and on a hearing, if the petition and the allegations in the affidavit are found to be true, it is the duty of the circuit judge or commissioner to discharge him. These are the modes pointed out by the statute by which the defendant arrested and convicted under the act may be discharged from his imprisonment. It cannot be said that the punishment provided by the act is cruel and unusual, within the meaning of the Constitution.

The action is a civil one, and not criminal, as held in *Wayne Co.* v. *Randall,* 43 ,Mich. 139, and the purpose of the act is to compel the payment of the debt. The action is based upon the conduct of the defendant in making an unlawful disposition of his property with intent to defraud his creditors; and the remedy to compel payment of the debt is by imprisonment until such time as the defendant may, by his own act, release the property in payment and discharge thereof.

It is also contended that the act is void for the reason that it confers judicial power upon a circuit court commissioner. That question was settled in *Streeter* v. *Paton,* 7 Mich. 341, and need not be further discussed.

The petitioners must be remitted to the remedy which the statute gives, as they are properly held under the commitment from the circuit court.

The other Justices concurred.